**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CECILIA SOTO,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. A-06-CA-819-AA** |
| | § | |
| **LIBERTY MUTUAL FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff files this *Reply in Support of Her Motion to Compel* and would show the Court as follows:

**I.**

**The Requested Documents Are Relevant and *Brainard* Does Not Impact This Case**

In its response, Liberty Mutual admits that the claim file is relevant to extracontractual claims[1] but argues that the *Brainard* decision holds that there can be no extracontractual claims until Liberty Mutual's liability on the contract is conclusively established. Because *Brainard* merely addresses duties under a contract while extracontractual claims arise from statutory duties, *Brainard* has no effect on plaintiff's claims for violation of TEX. INS. CODE § 541.060. In support of this position, Plaintiff relies on the arguments regarding *Brainard* as set forth in *Plaintiff's Response to Defendant's Motion to Sever and Abate.*

---

[1]      See Liberty's brief, page 3.

## II.
## Defendant Has Not Proven That The Claims File Is Protected

The only evidence that Defendant has produced to support its position that the requested information is protected is the conclusory affidavit of John Franciosa. This evidence fails to establish any privileges for several reasons.

First, Mr. Franciosa does not have any personal knowledge of the evidence he purports to testify about. As stated in plaintiff's motion, to establish that evidence is work product, the party seeking to protect the evidence must prove (1) objectively that a reasonable person would have believed there was a substantial chance at litigation; and (2) subjectively that the particular party asserting the privilege had a good faith belief that litigation would ensue. *National Tank Co. v. Brotherton,* 851 S.W.2d 193, 204 (Tex. 1995). Mr. Franciosa testified that Liberty Mutual had a subjective belief that litigation would ensue as far back as February 13, 2004. However, Mr. Franciosa was not the adjuster on the case until August 2006.[2] Because Mr. Franciosa was not involved in the claim prior to August 2006, he cannot have personal knowledge to testify about Liberty Mutual or the other adjusters' subjective knowledge in 2004, and Liberty Mutual cannot establish the second prong of the *National Tank Co.* test.

Second, Mr. Franciosa's testimony contradicts the correspondence sent by him and the prior adjusters. In those letters, the adjusters acknowledge that they are investigating the claim for settlement purposes and not in an anticipation of litigation. Mr. Franciosa should not now be allowed to present testimony that is contradicted by his and Liberty Mutual's previous statements.

Third, Defendant's argument rests on the presumption that all documents prepared once

---

[2]    See the correspondence attached to plaintiff's original motion to compel as Exhibit H whereby Mr. Fanciosa acknowledges the claim had only recently been assigned to him.

litigation is anticipated are protected.  This is not the case.  The privilege protects only the documents actually created in anticipation of the litigation.  Any other documents are unprotected, even if the party anticipates litigation.  Indeed, an investigation is not conducted in anticipation of litigation if it is prepared for some other purpose. *National Tank Co.,* 851 S.W.2d at 204.  If the insurance company conducts an investigation for more than one reason, the investigation is only protected if it was conducted primarily to prepare for expected litigation. *Id.* If the primary motivating factor of the investigation is to determine whether the claim should be paid or settled and the potential lawsuit avoided, then the work is not "in anticipation of litigation." *In re Texas Farmers' Ins. Exchange,* 990 S.W.2d 337, 342 (Tex. App. - Texarkana 1999, mand. denied).  Here Liberty Mutual provided questionable testimony as to when it anticipated litigation, but has not presented any evidence that the purpose of any of its work was to prepare for litigation. Indeed, the evidence establishes that the primary purpose of the investigation was investigating for settlement purposes even if Liberty Mutual had anticipated litigation.

Defendant chastises plaintiff for ignoring the case of *Maryland Am. Gen. Ins. Co. v. Blackmon.*[3]  *Blackmon* was decided based upon different definitions of the work product privilege and is no longer good law.  At the time *Blackmon* was decided, the Texas rules provided:

> Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted shall not extend to the work product or an attorney or to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, **where made subsequent to**

---

[3]    See Liberty Response, p. 4; *Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455 (Tex. 1982).

**the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim, or the circumstances out of which same has arisen...[4]**

At that time, the rules protected any work done in investigating a claim, meaning the entire claim file would be protected. Since that decision, the rules have been amended multiple times, and now only investigations done in anticipation of litigation are protected. TEX. R. CIV. P. 192.5. Because the rules are different, *Blackmon* no longer has precedential value.

Defendant also cites the case of *Motors Ins. Corp v. Fashing.[5]* *Fashing* merely holds that any work product privilege remain intact as long as liability of the uninsured motorist remains undecided. *Fashing* isn't applicable here. Plaintiff is not arguing that any privilege is lost because she is asserting an extracontractual claim; she is asserting that Liberty Mutual has never proven that the documents and information were privileged in the first place.

Finally, defendant cites *In re Horizon Offshore Contractors, Inc.,[6]* which is also inapplicable to the case at hand. In *Horizon,* the only evidence that any investigation was conducted for any purpose other than litigation was an e-mail from an adjuster saying that he thought a case could be settled. The court found that this was not enough to show that the work was not done in anticipate of litigation. On the contrary, in this case, while Mr. Franciosa presented questionable testimony that Liberty Mutual anticipated litigation, there is no testimony that the work done was for the purpose of the litigation. On the contrary, the adjusters

---

[4]     *Blackmon,* 639 S.W.2d at 457.

[5]     *Motors Ins. Corp. v. Fashing,* 747 S.W.2d 13, 14 (Tex. App. - El Paso 1988, no writ).

[6]     *In re Horizon Offshore Contractors, Inc.,* 2007 Westlaw 117716, 2007 Tex.LEXIS 295 (Tex. App. - Beaumont 2007, no pet. h.).

continually wrote correspondence to plaintiff's counsel admitting that at least a large part of the

investigation they were doing was for purposes of evaluating the claim for settlement and not

done to prepare for litigation.[7]

For the above reasons, defendant has failed to carry its burden to prove that the requested

information is protected by privilege.

WHEREFORE, premises considered, plaintiff prays that her motion to compel be granted

and for general relief.

Respectfully Submitted,

PERLMUTTER & SCHUELKE, L.L.P.
Hartland Plaza
1717 West Sixth Street, Suite 375
Austin, Texas 78703
Telephone: (512) 476-4944
Facsimile: (512) 476-6218

By: _____
MARK L. PERLMUTTER
State Bar No. 15793700

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the above and
foregoing document has been forwarded to all parties pursuant to Federal Rule of Civil
Procedures on the 23rd day of March, 2007, addressed as follows:

*Via First Class Mail to:*
Ms. Catherine L. Hanna
Hanna & Plaut, LLP
106 East 6th Street, Ste. 600
Austin, Texas 78701

---

[7]    See Exhibits D through H attached to *Plaintiff's Motion to Compel.*